**BONE, Plaintiff-Appellant, v. BONE et, Defendant-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22777. Decided June 8, 1953.

Pennell, Carlson & Rees, Cleveland, for plaintiff-appellant, Edwin Knachel. Bernard Schulist, Richard M. Moore, Donald W. Hornbeck, Cleveland, of Counsel, for defendant-appellees.

## OPINION

By SKEEL, J:

This appeal comes to this court on questions of law from a judgment entered for the defendants in an action in foreclosure in Common Pleas Court of Cuyahoga County.

The plaintiff is the mother and mother-in-law, respectively of the defendants, Dr. Ralph M. Bone, and Grace S. Bone. husband and wife. The defendants are now, and for some time past, have been living separate and apart, there being an

order of separate maintenance and support in favor of Grace S. Bone in the Common Pleas Court of Lorain County.

In 1936 Dr. Ralph M. Bone borrowed $9,000.00 from his mother to be used for the purchase of a home at 2500 Fenwick Road, University Heights. The record shows that after the loan was made Dr. Bone made regular payments on principal and interest until December, 1938, when the balance was then reduced to $6,940.00. At this time a note and mortgage was executed by the defendants. There is some doubt as to whether or not the loan was originally so secured, but it is certain that if it was, the mortgage was never recorded. In any event, there is no doubt but that a mortgage and note dated December 5, 1938 was executed by both defendants to evidence the balance then due and that this mortgage was recorded December 7, 1938.

Dr. Ralph M. Bone continued to make payments on the debt until December 1, 1942, when the balance had been reduced to $4,855.00 which together with interest is the amount demanded in plaintiff's petition in this foreclosure action.

Dr. Ralph M. Bone became a medical officer in the United States Navy at this time (December, 1942). When he left for military service he told his wife of the balance then due on the mortgage loan and (according to her testimony) directed her to see that it was taken care of if he did not return.

Dr. Bone, upon return from the service, rejoined his family and again entered the practice of medicine.

The plaintiff testified that after her son returned from the service she made him a gift of $30,000.00. Two reasons are suggested why the gift was made. The plaintiff testified when her son, Dr. Bone, returned from the service he was not in good health and his practice was gone and that she wanted to help him to get reestablished and there is also some testimony that taxes may have been, in part, a motivating factor. In all events, Dr. Bone received the gift as evidence by plaintiff's check introduced into the record and invested the money in government bonds.

This gift was made on January 9, 1946. In July or August of that year the plaintiff purchased an apartment house and was in need of funds to complete the deal. She thereupon borrowed the $30,000.00 (which had been the subject of the gift) from Dr. Bone, giving him a note bearing interest at four percent, as evidence of the debt. The record shows conclusively that plaintiff paid the interest in quarterly installments of $300.00, the last payment being made on March 29, 1949, the total interest paid being the sum of $3,300.00. During this period nothing was paid on the mortgage loan.

However, the evidence is perfectly clear that this debt was still recognized as an obligation of the defendants.

The record discloses by the testimony of both the plaintiff and the defendant, Grace Bone, that some time in either 1947 or 1948 the defendants attempted to recognize some anniversary of the plaintiff (either her birthday or wedding anniversary) by bringing her some roses at which time both defendants suggested that the mortgage debt be waived as they wanted to purchase a new ranch type house. This request the plaintiff refused. The plaintiff's version differs as to what occurred after the plaintiff refused this request, but the plaintiff says that Grace Bone became very angry, but, in any event, this circumstance shows that both defendants recognized the existence of the mortgage held by plaintiff on defendants' property.

In 1949 (May) when the plaintiff and her husband returned from Florida they were met at the airport by Dr. Bone who shortly thereafter upon reaching the plaintiff's home, said to plaintiff: "Mother, you don't owe me anything, I have destroyed the note." He thereupon delivered to her a written release of the obligation which release provided as follows:
"T                                                        April 3, 1949
"This is to certify that on this day I hereby release my mother, Elodie M. Bone of all indebtedness to me incurred prior to this date.
(signed)   Dr. Ralph M. Bone."

The plaintiff had learned while still in Florida that domestic difficulties were developing between the defendants. The defendants (as testified to by Grace Bone) separated April 1, 1949, and Dr. Bone moved from 2560 Fenwick Road, the family residence, to Tudor Arms Hotel on May 15, 1949. There has since been an order by the common pleas court of Lorain County, to which county the case was removed because of an affidavit of prejudice filed in Cuyahoga County, of separate maintenance and support in favor of Grace Bone.

The plaintiff claims the following errors:

1. The finding and judgment of the court are contrary to law.

2. The finding and judgment of the court are against the weight of the evidence.

3. The finding and judgment of the court are not sustained by sufficient evidence.

4. Errors of law occurring at the trial of the case to which exception was duly taken by the plaintiff.

5. Other errors manifest upon the face of the record.

From the foregoing recital of the evidence there is no question but that the defendants are indebted to the plaintiff upon

the note, secured by the mortgage, as pleaded in plaintiff's petition. The claim that there was no consideration for the note and mortgage is not supported by the evidence. The claim that the defendant Grace Bone did not know what she was signing when the note and mortgage was signed and that all financial matters were handled by her husband to her complete exclusion without proof of fraud does not establish a defense. The defendant's further defense of payment, which is an affirmative defense, as is the allegation of fraud, is not supported by any evidence. The gift made by plaintiff to Dr. Bone and the loan of money to the defendants to buy, a house were separate transactions. There is not one word of evidence that when the son released his mother from the obligation to repay the $30,000.00 that the son's obligation and that of his wife under the note and mortgage (the subject of this action) was in any way involved therein.

We therefore find that the judgment of the common pleas court is against the manifest weight of the evidence.

Finding no other errors prejudicial to the rights of the plaintiff, the judgment is reversed and cause remanded for further proceedings. Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, concur.